**In Re Anonymous No. 58 D.B. 80**

Disciplinary Board Docket no. 58 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McDONNELL, *Board Member,* November 30, 1982—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Dis-

ciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On February 26, 1982, the Supreme Court of Pennsylvania suspended petitioner from the practice of law in the Commonwealth of Pennsylvania for a period of two years from November 14, 1980. The order of suspension resulted from petitioner having been convicted of mail fraud in the United States District Court for the Middle District of Pennsylvania. In accordance with Rule 218(a) and Section 89.271 of the Pennsylvania Rules of Disciplinary Enforcement a petition was filed on May 27, 1982 for reinstatement by petitioner. A hearing was held on July 14, 1982 by hearing committee [   ]. As a result of that hearing the committee recommended that petitioner be reinstated to the practice of the law.

## II. FINDINGS OF FACT

1. The Supreme Court of Pennsylvania by its order dated February 26, 1982, ordered petitioner suspended from the practice of law for a period of two years from November 14, 1980.

2. Petitioner complied with the Rules of the Disciplinary Board of the Supreme Court of Pennsylvania by notifying clients in that all litigating and non-litigating clients were notified by certified mail or registered mail.

3. Pursuant to an order of court issued by Judge [   ], United States District Judge for the Middle District of Pennsylvania, dated September 21, 1982, a petition for early termination of parole was

granted and petitioner's parole was terminated effective September 30, 1982.

4. Pursuant to Rule 218(a) and Sec. 89.271 et sec of the Pennsylvania Rules of Disciplinary Enforcement, a Petition for Reinstatement was filed on May 27, 1982.

5. Petitioner practiced law in [ ] County from 1962 to 1980.

6. Petitioner has read all advance sheets of the Supreme, Superior, Commonwealth and [ ] County Courts. He has also read numerous publications, including the Pennsylvania Bar Quarterly and the Annual Survey of the Law, so as to maintain his viability as an attorney. He has also read other items including articles of special interest in the Family Law Reporter and the Equitable Distribution Reporter.

7. Petitioner audited the Pennsylvania Basic Practice Course last year and he has enrolled in the same course this year.

8. Petitioner has the moral qualifications, competency and learning in the law to resume practice as an attorney in the Commonwealth of Pennsylvania and petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar, or to the administration of justice, or subversive to the public interest.

9. The Office of the Disciplinary Counsel, through its counsel, has stipulated that all requirements under the rules necessary for reinstatement will be or have been met by petitioner.

10. Prior to his suspension, petitioner was a fund raising chairman of the board of the local [ ] Society, general fund raising chairman of the Board of the [ ] Association and he has been active as a Trustee in the [ ] Club of [ ] University. Since his suspension, petitioner has maintained his relation-

ship with many philanthropic organizations.

## III. DISCUSSION

Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement provide that a petitioner for reinstatement has the burden of demonstrating by clear and convincing evidence that he has the moral qualifications and the competency and learning in law required for admission to practice in this Commonwealth. He must also prove that his resumption of practice will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. The board is satisfied that petitioner has met this burden.

Petitioner himself testified at the hearing together with four witnesses all of whom supported the fulfillment by petitioner of the essential requirements for petitioner to meet his burden or reinstatement. Petitioner testified that he acknowledged violating the law and that this was a matter involving his moral turpitude. He testified that he did commit a mistake, but that over all his conduct has been within the acceptable moral requirements of the community. There has been no other infraction on petitioner's record before this event or since this event. The other four witnesses attested to his good and moral reputation in the community. As for his competency and learning in the law, petitioner testified to his extensive practice before his suspension and that since his suspension he has read the advance sheets of the various courts and other legal periodicals and that he has attended the Pennsylvania Basic Practice course given at [  ] Law School last year and has enrolled in the same course for this year. All of the witnesses tes-

tified to his outstanding ability as a lawyer prior to his suspension and there is no reason to believe that this ability does not still exist. The four witnesses included a Certified Public Accountant, the Executive Director of the [  ] County Bar Association and two other lawyers who have known and practiced with petitioner over the years. Petitioner is still active in civic and charitable endeavors.

As the hearing committee wrote in its report at page 10,

"the background of the witnesses is impressive and their creditability is unquestioned. A review of the record supports the conclusion that members of the public, lawyers and judges would welcome Petitioner's resumption of the practice of the law. Petitioner made human error, rehabilitation has been accomplished and, reviewing all points of concern on behalf of Respondent, Petitioner is certainly in a position to be reinstated. Petitioner's positive outlook on life is evidenced by his continual involvement in various community affairs. It is believed that he will not only perform a creditable service to his clients but as well to the Bar and his community. By judging his character, moral qualifications and competency, Petitioner's reinstatement can do nothing less than enhance the image of the legal profession."

The board agrees and is of the opinion that [Petitioner] should be reinstated to the practice of the law.

And finally it should be noted that Disciplinary Counsel has no objection to petitioner's reinstatement as stated in its letter of September 27, 1982, to [  ], Esq., Chairman of the hearing committee.

## IV. RECOMMENDATION

For all of the reasons set forth above, the Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that petitioner, [   ] be reinstated to the practice of law in the Commonwealth of Pennsylvania and that the court direct that all necessary expenses incurred by this board, a copy of which is attached hereto, be assessed to petitioner.

Mr. Krawitz abstained and did not participate in the adjudication.

Mrs. Neuman did not participate in the adjudication.

## ORDER

ROBERTS, *C.J.*, And now, January 24, 1983, the Recommendation of the Disciplinary Board dated November 30, 1982, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.